**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2025 JAN 22  AM 10: 03

Dr. Yolande Saab, RPh, PharmD, PhD,

**Plaintiff,**

V.

 — Lebanese American University

 — Dr. Michel Mawad, in his official capacity as President of Lebanese American University,

 — Dr. George Nasr, in his official capacity as Provost of Lebanese American University,

 — Ms. Nour Hajjar, in her official capacity as Legal Counsel of Lebanese American University,

**Defendants.**

**Case No.:**

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

**INTRODUCTION**

1. Plaintiff Dr. Yolande Saab, an Associate Professor with over 20 years of exemplary service at the Lebanese American University (LAU), brings this action to address violations of federal law, state law, and her contractual rights. (Exhibit 1: ID)

2. Defendants engaged in retaliatory, discriminatory, and unlawful actions that culminated in the termination of Plaintiff's employment, effective August 31, 2024, in violation of Title IX of the Education Amendments of 1972, Plaintiff's due process rights, and other legal protections. (Exhibit 2: Termination Letter)

3. This action seeks to immediately halt the termination and related actions by Defendants through a Temporary Restraining Order (TRO) and Preliminary Injunction, ensuring Plaintiff's employment and tenure protections remain intact while her claims are litigated.

4. Plaintiff is also pursuing a parallel complaint with the U.S. Department of Education's Office for Civil Rights (OCR) to address violations under Title IX of the Education Amendments of 1972. The federal court's intervention is necessary to prevent irreparable harm while the OCR resolves her complaint. (Exhibit 3: OCR case number)

5. Plaintiff seeks relief to redress these violations, including reinstatement, invalidation of the cause for termination, protection from retaliation, and compensatory and punitive damages for harm caused by Defendants' actions.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

7. Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the **United States District Court for the Southern District of New York (SDNY)** pursuant to 28 U.S.C. § 1391, because the Lebanese American University operates a U.S. campus located at 211 East 46th Street, New York, NY 10017, and the University's Board of Trustees, responsible for the governance of LAU, is also based in New York. Specifically, the Executive Committee of the Board of Trustees, which serves as the final judicial review body regarding the termination decision, operates in New York. In addition, LAU receives U.S. federal funding (i.e., USAIDs, ASHA grants) sourced from U.S. taxpayers, which obligates the university to comply with federal law requirements across all its operations and campuses. The acts and omissions described herein were directed by individuals under the jurisdiction of this Court.

**PARTIES**

9. Plaintiff, Dr. Yolande Saab, is a resident of Lebanon – Adma, and a tenured faculty member at the Lebanese American University until her termination on August 31, 2024.

10. Defendant Dr. Michel Mawad is the former President of Lebanese American University and is sued in his official capacity.

11. Defendant Dr. George Nasr is the Provost of Lebanese American University and is sued in his official capacity.

12. Defendant Ms. Nour Hajjar is the Legal Counsel of Lebanese American University and is sued in her official capacity.

**FACTUAL BACKGROUND**

Plaintiff has served LAU with distinction for over 20 years, earning recognition as a leader in pharmacogenomics and a dedicated educator and researcher. Throughout her tenure, Plaintiff has held key positions in community services within national and international organizations, including the Ministry of Education and Higher Education, Ministry of Public Health, the Order of Pharmacists in Lebanon, and the Clinical Pharmacogenetics Implementation Consortium.

1. Title IX Complaint:

In June 2023, Plaintiff filed a formal Title IX complaint against the Dean of the School of Pharmacy. This complaint arose from repeated instances of harassment and unethical demands made by the Dean.

Despite the Title IX Director finding substantial grounds for the complaint, Defendants discouraged Plaintiff from submitting all relevant evidence, claiming it could harm the University's reputation. (Exhibit 4: Title IX)

2. Subsequent Salary Discrimination:

Following the filing of her complaint, Plaintiff experienced immediate retaliation exerted by the Dean. This mainly included Discriminatory salary practices, where Plaintiff received nearly a 0% salary increase despite exceeding performance expectations. (Exhibit 5: Grievance Correspondence)

3. Misuse of Administrative Authority:

The Dean continued to exert considerable pressure on plaintiff to use her authority at the Order of Pharmacists in Lebanon (OPL) to approve Continuing Education (CE) credits for a conference organized by Arwan Pharmaceutical Company. The request was unethical because it bypassed proper procedures required for CE credit approval.

- The Dean allegedly collaborated with a member of the OPL who had a significant conflict of interest. This collaboration was an attempt to influence the approval process in favor of Arwan.

- Plaintiff maintained ethical standards and recommended CE approval by adhering to proper procedures.

4. Repercussions on Plaintiff:

Plaintiff's adherence to ethical standards led the Dean, who reportedly continued to pressure her, exert subsequent retaliatory actions. This mainly included:

o Unwarranted scrutiny of her professional activities.

o False allegations of misconduct being circulated within the institution.

The connection between the Arwan incident and the broader pattern of retaliation is significant. It highlights the misuse of administrative authority to compromise academic and professional integrity, ultimately contributing to Plaintiff's termination by the Defendants.

5. Ignored Grievance Ruling:

In May 2024, Plaintiff filed a grievance with the University's Grievance Committee concerning salary discrimination. The Committee ruled in Plaintiff's favor, affirming that her faculty activity report exceeded expectations. Despite this ruling, Defendants disregarded the findings and escalated their retaliatory actions. (Exhibit 5: Grievance Correspondence)

6. Termination

On June 3, 2024, Plaintiff was summoned to a meeting with Defendants Mawad, Nasr, and Hajjar. During this meeting:

•    Plaintiff was presented with baseless allegations, purportedly stemming from hearsay, without being provided an opportunity to review the evidence or present exculpatory documents irrespective of her repeated requests, and shortly thereafter, on June 14, 2024, Plaintiff was issued a termination letter. (Exhibit 2: Termination Letter)

7. Coercive Resignation Offer:

•    Defendants explicitly offered Plaintiff financial benefits, including tuition support for her two daughters who are students at LAU, in exchange for her resignation. This coercive tactic exploited Plaintiff's family circumstances and placed undue emotional and financial stress on her and her family. (Exhibit 6: Resignation offer)

•    When Plaintiff refused to resign, Defendants upheld her termination without proper review by the Board of Trustees, in direct violation of university policy and her tenure protections.

Defendants' actions caused severe harm to Plaintiff, including damage to her professional reputation, emotional distress for her and her family, financial instability, and disruption of her daughters' academic experiences at LAU.

**FACTUAL ALLEGATIONS**

13. Plaintiff has served as an Associate Professor at LAU for over 20 years, consistently earning respect for her professionalism, ethical conduct, and contributions to the University and the broader academic community.

14. In June 2023, Plaintiff filed a Title IX complaint regarding harassment by the Dean of the School of Pharmacy.

15. Following her complaint, Plaintiff was subjected to a series of retaliatory actions, including unfounded allegations of misconduct, and an abrupt termination of her employment.

16. On August 14, 2024, during a meeting with Defendants Nasr, and Hajjar, Plaintiff was informed of the decision to uphold her termination.

17. Plaintiff proposed a sabbatical year to address concerns, but Defendants rejected this proposal. Plaintiff proposed an investigation and requested the opportunity to submit documents that invalidate the cause; however, Defendants rejected this proposal.

18. Defendants offered Plaintiff the option to resign in exchange for financial benefits, including tuition support for her children. Plaintiff declined, citing her inability to address the false allegations or invalidate the cause of termination through resignation.

19. Defendants failed to adhere to LAU's internal policies and bylaws, violated Plaintiff's tenure protections, and engaged in coercive and retaliatory behavior.


## SPECIFIC LEGAL VIOLATIONS

**Violation of Due Process:** Plaintiff was denied a fair opportunity to present evidence or challenge the allegations against her. She was not provided prior notice of the June 3, 2024 meeting, was confronted with unverified allegations, and was prohibited from submitting documents that refuted these claims.

**Breach of Implied Covenant of Good Faith and Fair Dealing:** Defendants escalated retaliatory actions after the Grievance Committee ruled in Plaintiff's favor and rejected Plaintiff's mediation proposal. The offer to resign in exchange for financial benefits was a coercive tactic that further demonstrated bad faith.

**Retaliation under Title IX:** Plaintiff's termination followed her filing of a Title IX complaint and the Grievance Committee's ruling in her favor. The timing and actions demonstrate retaliatory motives in violation of federal law.

**Defamation:** False allegations disseminated by Defendants tarnished Plaintiff's reputation within the academic and professional communities. These allegations harmed Plaintiff's standing in organizations such as the Clinical Pharmacogenetics Implementation Consortium and the Qatar Research National Foundation.

**Breach of Tenure Protections:** Plaintiff's termination violated her tenure agreement, which guarantees protections against arbitrary dismissal. Defendants failed to substantiate the allegations or provide valid grounds for termination.

**Failure to Adhere to Internal Policies:** Defendants bypassed University grievance procedures, ignored the Grievance Committee's findings, and failed to involve the Board of Trustees in termination decisions.

**Intentional Infliction of Emotional Distress:** Defendants exploited Plaintiff's family circumstances, leveraging her daughters' tuition dependence to coerce her into resigning. This caused severe emotional distress to Plaintiff and her daughters, who experienced stigma and academic challenges as a direct result of Defendants' actions.

## CAUSES OF ACTION
## COUNT I: TITLE IX RETALIATION (20 U.S.C. § 1681)
20. Plaintiff incorporates by reference all preceding paragraphs.
21. Plaintiff engaged in protected activity by filing a Title IX complaint.
22. Defendants retaliated against Plaintiff by terminating her employment shortly after her complaint.
23. The termination was causally connected to Plaintiff's protected activity and constitutes unlawful retaliation under Title IX.

## COUNT II: VIOLATION OF DUE PROCESS
24. Plaintiff incorporates by reference all preceding paragraphs.
25. Defendants failed to provide Plaintiff with notice of the charges against her or an opportunity to refute the allegations.
26. The abrupt termination, based on unverified hearsay, violated Plaintiff's contractual and legal right to due process.

## COUNT III: BREACH OF TENURE PROTECTION
27. Plaintiff incorporates by reference all preceding paragraphs.
28. Plaintiff's tenure agreement with LAU guaranteed protections against arbitrary termination.
29. Defendants' actions breached these protections and deprived Plaintiff of the benefits of her tenure.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
30. Plaintiff incorporates by reference all preceding paragraphs.
31. Defendants engaged in extreme and outrageous conduct by leveraging Plaintiff's family circumstances to pressure her into resigning.

32. As a result of Defendants' actions, Plaintiff suffered severe emotional distress.

## COUNT V: REQUEST FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION

### 1. Necessity of Immediate Relief (TRO)

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Plaintiff seeks an immediate **Temporary Restraining Order (TRO)** to halt the enforcement of her termination and prevent any further retaliatory actions by Defendants.

35. Plaintiff has suffered **irreparable harm**, including **damage to her professional reputation, career, and financial stability**, and continues to endure ongoing retaliation, which affects both her and her daughters.

36. Plaintiff has also filed a **formal complaint with the U.S. Department of Education's Office for Civil Rights (OCR)** regarding **Title IX retaliation**, but OCR's investigation process may take several months to conclude. (Exhibit 3: OCR Case Number). Without court intervention, Defendants may take **additional retaliatory actions**, rendering any later relief ineffective.

37. The TRO is **necessary to maintain the status quo** while Plaintiff's legal claims are adjudicated and to **prevent irreversible damage** that would result if Defendants' actions are allowed to continue unchecked.

### 2. Ex Parte TRO Justification

38. Plaintiff further requests that this **TRO be issued ex parte**—without prior notice to Defendants—to prevent immediate and irreparable harm.

39. If Defendants are **notified before the TRO is issued**, there is a substantial risk that they will:

- Engage in **further retaliation** against Plaintiff.
- **Destroy or alter evidence** relevant to this case.
- Take **additional adverse employment actions**, making reinstatement more difficult.
- **Interfere with the OCR investigation**, rendering Plaintiff's federal administrative complaint ineffective.
- **Retaliate against Plaintiff's daughters**, as they have already denied them financial aid, a merit scholarship, and even the sibling discount after Plaintiff refused to resign. (Exhibit 7: Tuition Payments).

40. Given the **immediate** and **irreparable** harm that may result if Defendants are warned in advance, the Court should grant the TRO **ex parte** to ensure its effectiveness.

### 3. Urgency to Prevent Irreparable Harm

41. The start of the **new semester** and Defendants' **continued inaction** have compounded the harm to Plaintiff, necessitating **urgent** court intervention:

### a. Irreparable Harm to Plaintiff's Career and Reputation

- **Plaintiff risks permanent damage to her professional standing** if she remains out of her faculty position for another semester.
- The **prolonged deactivation** of her **professional email** prevents her from **engaging with research collaborators, submitting academic publications, and attending professional conferences.**
- Plaintiff **risks losing key roles** in professional organizations, including **chairing a pharmacy congress of 10,000 pharmacists** and serving on the **National Pharmacy Exam Board.**

### b. Severe Harm to Plaintiff's Daughters

- Plaintiff's two daughters, who are currently students at LAU, have suffered **emotional distress, fear of retaliation, and academic disruption.**
- The uncertainty and hostile environment have caused **severe medical consequences**, including **panic attacks and stress-induced dyspnea.** (Exhibit 9: Medical Report).
- The unjust **revocation of tuition benefits, merit scholarships, and the sibling discount** has placed **financial strain** on Plaintiff's family, further compounding their suffering.

### c. University's Deliberate Inaction in Addressing Mediation Requests

- Plaintiff made multiple **good-faith efforts** to resolve this matter **internally**, including requesting **an independent or impartial review process.**
- Despite repeated reminders—including notifications that Plaintiff must adhere to professional deadlines if the case is not resolved—the **University has taken no meaningful action.** (Exhibit 10: Email Reminder to BOT).

- Defendants' **deliberate stalling tactics** necessitate **immediate** court intervention to prevent further injustice.

## 4. Likelihood of Success on the Merits

42. Plaintiff has a **strong likelihood of success** on the merits of her claims, as evidenced by:

- The **retaliatory pattern** following her **Title IX complaint** and **Grievance Committee ruling in her favor.**
- The University's **violations of its own policies** regarding faculty terminations and tenure protections.
- Key **documentary evidence** (Exhibit 8: OPL President Letter) that directly **refutes the false hearsay allegations** used as the pretext for her termination.

## 5. Balance of Equities & Public Interest

43. The balance of equities strongly favors Plaintiff, as she faces **severe professional and personal harm** if injunctive relief is not granted, whereas Defendants suffer **no undue burden** from maintaining her employment status pending the resolution of this matter.

44. The **public interest** is served by preventing **retaliatory employment practices** in academic institutions, ensuring **Title IX compliance**, and protecting **tenured faculty members from unlawful dismissals.**

## 6. Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Issue a Temporary Restraining Order (TRO) ex parte**, preventing Defendants from enforcing Plaintiff's termination and prohibiting any further retaliatory actions against her and her daughters while this matter is pending.

2. **Issue a Preliminary Injunction** prohibiting Defendants from taking adverse actions against Plaintiff and requiring her immediate reinstatement.

3. Order Defendants to **restore Plaintiff's professional email access**, allowing her to resume her academic and research activities.

4. Award compensatory and punitive damages for **lost wages, emotional distress, and reputational harm.**

5. Grant any **further relief** the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** Jan 22, 2025

**Respectfully submitted,**

**Dr. Yolande Saab**



1. **Exhibit 1: Plaintiff's Identification Document** – Plaintiff's identity for faculty at LAU.
2. **Exhibit 2: Termination Letter** – Official termination notice dated June 14, 2024, highlighting the reasons cited by Defendants.
3. **Exhibit 3: OCR Case Number** – Formal complaint filed with the U.S. Department of Education's Office for Civil Rights (OCR) regarding Title IX retaliation.
4. **Exhibit 4: Title IX Correspondence** – Documentation of Plaintiff's Title IX complaint against the Dean of the School of Pharmacy.
5. **Exhibit 5: Grievance Correspondence** – Records of Plaintiff's grievance concerning salary discrimination.
6. **Exhibit 6: Resignation Offer Correspondence** – Evidence of the coercive resignation proposal made by Defendants in exchange for financial benefits.
7. **Exhibit 7: Tuition Payments** – Documentation showing the withdrawal of tuition benefits, merit scholarships, and sibling discounts for Plaintiff's daughters after she refused to resign.
8. **Exhibit 8: OPL President Letter** – Official communication from the Order of Pharmacists in Lebanon (OPL) refuting the hearsay allegations used to justify Plaintiff's termination.
9. **Exhibit 9: Medical Report** – Medical evidence of stress-induced health conditions suffered by Plaintiff's eldest daughter due to ongoing retaliation.
10. **Exhibit 10: Email Reminder to Board of Trustees** – Plaintiff's internal efforts to resolve the issue through mediation, including reminders sent to the LAU Board of Trustees and their responses.

Exhibit 1



*Exhibit 2*



**Lebanese American University**

*Chartered in the State of New York*

Beirut June 14, 2024

**Dr. Yolande Saab**

Kesserwan, Tabarja, Kfaryassine, Main Road,
Abdel Sater's building, 4th floor, Lebanon
Or,
Beirut, Achrafieh, Street Adib Ishak,
Nasr Allah & Maalouf's building, 11th floor, Lebanon

Phone numbers: 01-219878 / 70-940400

<u>Re</u>: Termination of appointment.

\*\*\*\*\*\*\*\*\*\*\*\*

Dear Dr. Saab,

In reference to our meeting on 3/6/2024, during which your recent damaging conduct was discussed; and wherein the Lebanese American University's ("**LAU**") administration highlighted the egregious nature of your conduct and the harm you have caused to LAU by placing your personal interests over those of the School of Pharmacy (the "**SoP**"), whereby you intentionally allowed your personal agenda to jeopardize LAU's and the SoP's best interests and reputation, as well as those of the students and the participants in the *First Annual Lebanese Pharmacy Schools Symposium*, entitled *"United in Action: Pharmacy Education and Practice Advancement"*;

And whereby, over and above, your continued intentional disregard of the SoP's hierarchy and rules of governance has become flagrant;

Therefore, it is now evident that your conduct and the continuity of your appointment at LAU causes serious harm to LAU and the SoP, and it may not continue. As a result, LAU is compelled to terminate your appointment at LAU and the SoP, as well as your Memorandum of Appointment dated 1/10/2011. Such termination will be of effect as of the end of the current academic term, ending on 31/8/2024 (the "**Termination Effective Date**"). Accordingly, as of the Termination Effective Date, you will not be affiliated to LAU and/or the SoP in any way or manner.

You are kindly requested to coordinate with the office of the Human Resources in Byblos in order to finalize your exit.

Respectfully and with all due reserves,

Michel E. Mawad, M.D.
President

| BEIRUT CAMPUS | BYBLOS CAMPUS | NEW YORK HEADQUARTERS & ACADEMIC CENTER |
|---|---|---|
| P.O. Box: 13-5053 Chouran  Tel: +961 1 786 456  Beirut 1102 2801  +961 3 791 314  Lebanon  Fax: +961 1 867 098 | P.O. Box: 36  Tel: +961 9 547 262  Byblos  +961 3 791 314  Lebanon  Fax: +961 9 546 262 | 211 East 46th Street  Tel: +1 212 203 4333  New York, NY 10017-2935  Fax: +1 212 784 6597  United States  www.lau.edu.lb |

Exhibit 3



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

26 FEDERAL PLAZA, SUITE 31-100
NEW YORK, NEW YORK 10278

**REGION 2**

**NEW JERSEY**
**NEW YORK**
**PUERTO RICO**
**U.S. VIRGIN ISLANDS**

December 4, 2024

Sent via email only to:  ysaab12@gmail.com

Dr. Yolande Saab
21 West End Avenue
New York, New York   10023

Re:     Case No. 02-25-2072 - Lebanese American University

Dear Dr. Yolande Saab:

On December 3, 2024, the U. S. Department of Education, New York Office for Civil Rights (OCR) received your correspondence(s).  It has been assigned case number 02-25-2072.

Information about OCR and the laws it enforces can be found at OCR's Website (http://www.ed.gov/ocr).  You may find additional information in OCR's Complaint Processing Procedures (https://www2.ed.gov/about/offices/list/ocr/docs/complaints-how.pdf).

We have also enclosed a Consent Form. Please sign and date this Consent Form and return it to us as soon as possible.  If we do not receive the signed Consent Form within 20 calendar days of the date of this letter, OCR may close your complaint.

OCR is committed to providing prompt and effective service.  If you need to communicate with OCR regarding your complaint before you are contacted directly, please contact the office at (646) 428-3800, by fax at (646) 428-3843 or by email at OCR.NewYork@ed.gov.

Very truly yours,

Susan A. Bronka
Equal Opportunity Assistant

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Exhibit 4

□ Reply all □    □ Delete    Junk □    □

# Investigation into complaint--CONFIDENTIAL

□ Reply all □

**Jennifer Skulte-Ouaiss**
Mon 6/12/2023, 4:27 PM
Yolande Saab; Rula Diab; Abdul-Nasser Kassar □

Inbox

You replied on 6/12/2023 9:55 PM.

□ Action Items

Dear Dr. Saab,

The President has decided that an investigation into your complaint of harassment is the best way forward. To this end, a committee has been formed that includes Assistant Provost, Dr. Rula Diab; Chair of the Faculty Senate, Dr. Abdul-Nasser Kassar; and myself, Director of the Title IX Office.

We will contact you shortly to schedule a meeting with you so that you can tell the committee your complaint and we can ask you questions. We will schedule a similar meeting with the Dean. If you could send all relevant emails or other evidence to me at this time, it would be very helpful. When we meet, I will describe LAU's process for harassment investigations in detail so that you know what to expect.

Please note that harassment investigations are *highly confidential*. Please do not discuss your complaint or the investigation (the committee members, our discussions, etc.) with anyone. Also, please suspend any interaction with the Dean. The committee will be sending him an email today to inform him about the investigation. We will also ask that the suspend any interaction with you while the investigation is in process.

Lastly, please note that our investigation will be to see if any LAU policies have been broken as well as to see how LAU might support a way forward that meets everyone's needs and interests.

Sincerely,

**Jennifer Skulte-Ouaiss, PhD**
Director, Title IX--Equity & Inclusion
Office of the President, Central

And

Gender Expert, MEPI-Tomorrow's Leaders
Senior Research Fellow, Institute for Migration Studies
Office: +961 1 786456 ext. 1303

*She/Her*

Beirut   Byblos   New York

Exhibit 5

☐ Reply all ☐    ☐ Delete    Junk ☐    ☐

☐ Reply all ☐

(No subject)

Yolande Saab
Thu 1/25, 10:26 AM
Jean Chatila; Marwan Taha ☐

Sent Items



Grievance letter.docx ☐
23 KB

GC_Supporting Docume... ☐
25 KB

Activity report MT.docx ☐
16 KB

Chair's evaluation.docx ☐
60 KB

☐Show all 5 attachments (994 KB)    Download all

Dear Dr. Chatila,

I hope this message finds you well. Dr. Taha and I would like to formally submit a request to the Grievance Council regarding the recent merit increase for faculty effective September 2023, which was based on the faculty academic performance for the year 2022.
Thank you in advance for your time and efforts.
Best,

Yolande Saab, Pharm.D., Ph.D.
Associate Professor
School of Pharmacy
Lebanese American University
Byblos, Lebanon
P.O.Box: 36, F-19
Email: ysaab@lau.edu.lb
TEL #: 961-9-547 254/262,  Ext. 2312
FAX #: 961-9-547 256

211 Est 46th St., New York, N.Y. 10017-2935, U.S.A
TEL #: +1 212-203-4333; +1 212-784-6697

*Exhibit 6*

29/08/2024, 22:31                     Follow-Up on August 14, 2024, Meeting with the Provost, and Legal Counsel

✒ Reply all | ⌄    🗑 Delete    Junk | ⌄    •••                                                          ✄

# Follow-Up on August 14, 2024, Meeting with the Provost, and Legal Counsel

 **Yolande Saab**                                                    ✒ Reply all | ⌄
Wed 8/21, 10:06 AM
Michel Mawad; George Nasr; Nour Hajjar; Yolande Saab  ⌄

Sent Items

**Dear President Mawad,**

I hope this message finds you well. I want to express my sincere appreciation for your efforts to find a solution even after the issuance of the termination. Your proposal for the legal counsel and provost to explore possible resolutions reflects your concern for both my well-being and the interests of the University.

During the meeting, the provost initially informed me that the decision to terminate my appointment was confirmed. The legal counsel added that my proposal for mediation, which included retracting the termination letter and granting me a sabbatical year, was rejected. The legal counsel also confirmed that my request to submit documents refuting the false hearsay allegations was not accepted. After addressing these three points, the legal counsel required me to resign, and as such, I can benefit from support for my children's tuition, medical insurance, and financial assistance. However, I clarified that my resignation would not invalidate the cause of termination, nor would it allow me to address the false allegations; therefore, I have not accepted the resignation. I reiterated my request to invalidate the cause of termination.

**As stipulated in the University's Bylaws Article IX, "*In accordance with University Bylaws, the Executive Committee of the Board of Trustees shall act as the final judicial review body for matters pertaining to the dismissal or termination of faculty members.*"**

Since the termination decision was confirmed to me on August 14, 2024, I believe that the Board of Trustees has been informed of the case. However, I am certain that the Board does not have the documents I possess that can refute the false allegations. Accordingly, I will proceed with my case to the next level.

Unfortunately, I have no other choice after being denied the opportunity to invalidate the cause internally. I believe that invalidating the cause of my termination would not only be in my best interest but also serve the well-being of the University.

Sincerely,
Yolande Saab

Yolande Saab, Pharm.D., Ph.D.
Associate Professor
School of Pharmacy
Lebanese American University
Byblos, Lebanon
P.O.Box: 36, F-19
Email: ysaab@lau.edu.lb
TEL #: 961-9-547 254/262,  Ext. 2312

Exhibit 7

20-DEC-2024 10:02:39     Lebanese American University     PAGE 1
                              VAT # 123100-601
                              Receipt 568718

CASHIER: NAKOURY


Ms. Joya J. Abdel Sater
Sater Bldg.                                      ID: 202002035
Red Zone Main St.
Adma, MOL 34001
Lebanon


CODE   TERM          DESCRIPTION        TRAN DATE        PAYMENT
2      202510 Cash USD                  20-DEC-24        4,000.00

*Exhibit 8*

# Ordre des Pharmaciens du Liban

1097/2024                                              26/8/2024

**Subject: Clarification on Continuing Education Credits for LAU Conferences**

To Whom It May Concern,

I am writing to address and clarify the continuing education (CE) credits granted to the LAU School of Pharmacy and Arwan Pharmaceutical Company conferences by the Continuing Education Committee (CEC) of the Order of Pharmacists in Lebanon (OPL).

On February 1, 2024, the CE office at the OPL received an application for a conference titled "United in Action: Pharmacy Education and Practice Advancement," scheduled to take place at the LAU Beirut campus on February 17-18, 2024. Additionally, another application was submitted for a conference organized by "*Arwan Pharmaceutical Company*" in collaboration with LAU, set to be held in Tbilisi, Georgia, on February 23-24, 2024.

The CEC, comprised of faculty from various universities and chaired by the OPL President, carefully reviewed both applications. Dr. Yolande Saab utilized all her scientific expertise to demonstrate that the number of credits requested by LAU was justified, important, and clearly in the university's best interest.

It is evident that she did everything possible to achieve the best outcome for LAU.

Regarding the LAU conference, we exceeded the usual limit of our credits due to the significance of the scientific results presented by Dr. Saab. The proposal and the expected outcomes allowed us to surpass our typical credit limits.

As for the Arwan Conference, it was awarded CE credits in accordance with our established CE bylaws, reflecting the standard evaluation criteria.

I would like to emphasize that the applications were processed in an expedited manner due to Dr. Saab's diligent efforts in promptly reviewing all the documents upon receipt. This demonstrates to any extent how Dr. Saab was focused on achieving the result she was advocating for.

**650889555**



Ordonnance Médicale                                                وصفة طبية

Imad Joseph Bou Akl. MD
Internal Medicine
NSSF 2007/88
American University of Beirut Medical Center , Halim
and Aida Daniel Academic and Clinical Center , 7th
9611350000 or 1545

| Partie destinée au médecin traitant | حقل مخصص للطبيب المعالج |
|---|---|
| Nom et prénom du patient **Joya Joseph Abdel Satter** | اسم وشهرة المريض |

RN 02074649  CSN 143682450

l'assurance          الجهة الضامنة

| Date de Naissance **25/08/2002** | تاريخ الولادة |
|---|---|

| Date | 14 | 1 | 23 | التاريخ |
|---|---|---|---|---|

Code de la maladie          رمز المرض

*Deferra* (signature)

حقل مخصص
للصيدلي / مختبر / أشعة
Partie destinée
au pharmacien/Labo/Radio

| Durée d'arrêt de travail : | مدة الانقطاع عن العمل : | Durée estimée du traitement : | المدة المقدرة للعلاج |
|---|---|---|---|
| Nature de l'acte médical | نوع العمل الطبي | Traitements effectués par le médecin : | المعاملات التي أجراها الطبيب : |
| Frais de consultation | أجور الاستشفاء | Ordonnance médicale libre | وصفة طبية عند |
| Frais de transport | أجور النقل | Une entente préalable | مراقبة مسبقة |

* Médicaments, traitements et examens médicaux prescrits          * الأدوية والعلاجات والفحوص الموصوفة

| Total | Quantité | Prix Unitaire | |
|---|---|---|---|
| المجموع | الكمية | السعر الإفرادي | |

**XR Chest PA + Lateral**

IMG792          Reason for Exam: cough

*Deferra* (signature)

| Total en livres libanaises | المبلغ الإجمالي | Reçu en espèce | وصلنا المبلغ نقداً |
|---|---|---|---|

IMAD BOU AKL, M.D.
Internal Medicine, Respiratory Diseases
and Sleep Medicine
AMERICAN UNIVERSITY OF BEIRUT
MEDICAL CENTER

Cachet et signature du médecin          ختم ورقم الطبيب

Electronically
Signed By:  Imad Joseph Bou Akl MD / 88

| Date | | | | التاريخ |
|---|---|---|---|---|
| Cachet et signature du pharmacien/Labo/Radio | | | ختم الصيدلي / وتوقيعه مختبر / أشعة |

Raidy | www.raidy.com

Exhibit 10

**From:** Philip Stoltzfus philip@thayerbrook.co.uk
**Subject:** Re: LAU - Reminder and Follow-Up on My Complaint
**Date:** 25 November 2024 at 4:15 PM
**To:** Yolande Saab ysaab12@gmail.com
**Cc:** LAU BOT Chairman chairman.laubot@lau.edu.lb, Yolande Saab ysaab2011@hotmail.com

Dear Dr Saab,

I have raised the subject matter you brought to my attention and the university is assessing your appeal. I am hopeful that a response will be sent shortly.

Best regards

Philip Stoltzfus

On 25 Nov 2024, at 07:52, Yolande Saab <ysaab12@gmail.com> wrote:

Dear Mr. Chairman Philip Stoltzfus,

I hope this message finds you well.

I am writing to kindly follow up on the status of my case and my complaint dated August 31, 2024, which you acknowledged on September 9, 2024. I greatly appreciate the time and consideration you and the Board are dedicating to addressing this matter.

I would be most grateful if you could provide an update on the progress of my case at your earliest convenience, preferably before December 1 2024, given the professional deadlines I must adhere to if a resolution is not reached. It is my sincere hope to avoid taking further actions and to resolve this matter within the institution.

Thank you once again for your continued attention and understanding. I remain hopeful for a prompt resolution and look forward to hearing from you soon.

Kind regards,

Yolande Saab, RPh, PharmD, PhD