UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dr. Yolande Saab,<br><br>                            Plaintiff,<br><br>-against-<br><br>Lebanese American University, Dr. Michel Mawad, Dr. George Nasr, Ms. Nour Hajjar,<br><br>                            Defendants. | 25-CV-692 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

*Pro se* plaintiff Saab requests, among other relief, an *ex parte* temporary restraining order. The Court construes the *pro se* complaint "liberally and interpreted to raise the strongest arguments that [it] suggest[s]," *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (citation omitted), but "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted). Under Federal Rule of Civil Procedure 65(b), a TRO can be issued *ex parte* if 1) "the specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or 2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Saab argues for *ex parte* issuance based on the potential for immediate and irreparable injury.

While *ex parte* TROs "are no doubt necessary in certain circumstances," "they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). Here, Saab asks for a TRO that "halt[s] the enforcement of her termination and prevent[s] any further retaliatory actions by [d]efendants." Dkt. 1 at ¶ 34. This is "necessary to maintain the status quo while [her] legal claims are adjudicated," Saab argues. *Id.* ¶ 37. But Saab has already been terminated from her position, and what she really wants from the TRO is to be reinstated pending the outcome of this case. "Loss of employment does not in and of itself constitute irreparable injury," *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir. 1988), and reputational injury associated with termination also "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction." *Sampson v. Murray*, 415 U.S. 61, 91 (1974). Monetary damages and reinstatement are possible remedies for these harms, so Saab hasn't shown irreparable harm. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295 (2d Cir. 2021). Saab further makes generalized assertions that defendants will engage in new retaliatory action against herself and her family if they learn about

the lawsuit, but she fails to explain what those actions will be and why they are likely to occur. So the request for an *ex parte* TRO is DENIED.

Saab also requests that the Court issue a preliminary injunction. The Court is skeptical of the merits of this request given the caselaw cited above, but will hold a remote hearing on **Thursday, February 20, 2025** at **11:00AM**. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: **878 857 64**, followed by the pound (#) sign. Saab is cautioned that the Court cannot hold this hearing *ex parte*, so she must serve defendants and file proof of service on the docket by the Friday before the conference if the conference is to go forward. If Saab needs more time to serve defendants (and indeed she has 90 days from issuance of the summons to serve them), she should inform the Court in a letter, and the preliminary injunction conference can be rescheduled to a later date.

SO ORDERED.

Dated: January 31, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2