

George P. Barbatsuly
george.barbatsuly@klgates.com

T 973 848 4104
F 973 848 4001

> The conference will be held as scheduled. Among other things, it is not clear that defendants have met and conferred with plaintiff concerning their requested adjournment, or the service issues they have raised, as is required by this Court's practices. The Court also notes that counsel appears to have been mistakenly entered as plaintiff's attorney on the docket and should correct this if that is inaccurate.
>
> The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: February 19, 2025

February 19, 2025

**Via ECF**

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re:  <u>**Dr. Yolande Saab v. Lebanese American University, et al.**</u>
      **Docket No. 1:25-cv-692 (AS)**

      **REQUEST FOR POSTPONEMENT OF HEARING**

Dear Judge Subramanian:

This law firm has recently been retained to represent defendants Lebanese American University ("LAU"), Dr. George Nasr, and Ms. Nour Hajjar, in connection with the above-referenced matter. I am writing to respectfully request at least a 30-day postponement of the telephone hearing on the motion of Plaintiff, Dr. Yolande Saab, for a preliminary injunction, currently scheduled for tomorrow (February 20, 2025) at 11:00 a.m.

As grounds for this request, as noted above, our firm has only recently been retained to represent LAU, Dr. Nasr, and Ms. Hajar. Moreover, our firm is in the process of ascertaining whether the remaining individual defendant, LAU's former President, Dr. Michel Mawad, will likewise engage our firm. Dr. Mawad is no longer affiliated with LAU and we do not know if he is yet aware of this lawsuit.

Of note, it does not appear that any of the defendants has been validly served. In her proof of service (Doc. No. 10), Plaintiff represents that she served the summonses and complaint upon all of the defendants by Federal Express on January 31, 2025, and she received Federal Express delivery confirmations for LAU on February 3, 2024 (Doc. No. 10 at 3) and for the individual defendants on February 4, 2025. (Doc. No. 10 at 1-4). However, in the case of the Individual Defendants, Plaintiff addressed all three Federal Express delivery packages to the individual defendants at LAU's campus located in Byblos, Lebanon. Moreover, as noted above, since Dr. Mawad is no longer affiliated with LAU, we have not yet been able to ascertain whether he is aware of the lawsuit or intends to engage our firm to represent him in this action. And in all events, Plaintiff's Federal Express mailing of the summons and complaint to the individual

Hon. Arun Subramanian, U.S.D.J.
February 19, 2025
Page 2

defendants in Byblos, Lebanon, is not valid service under Fed. R. Civ. P. 4(f). This rule permits alternative service upon individuals in foreign countries, subject to the other requirements of this rule, by "any form of mail that <u>the clerk addresses and sends</u> to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii), (emphasis added). However, since Plaintiff rather than the Clerk of Court sent the process by Federal Express, Plaintiff did not satisfy the requirements of this rule, even if alternative service is otherwise authorized.

Moreover, in the case of LAU, although Plaintiff delivered the summons and complaint to LAU via Federal Express at its address located in New York, New York, this service did not conform to the requirements of state law for alternative service on a corporation by mail under CPLR 312-a (requiring, <u>inter alia</u>, that the service be accomplished via first class mail, together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in CPLR 312-a(d).

Therefore, to allow additional time for (i) Plaintiff to validly serve all defendants, and (ii) the undersigned to ascertain whether this firm will also be representing Dr. Mawad, I am requesting at least a 30-day postponement of the hearing on Plaintiff's motion for a preliminary injunction.[1]

I thank Your Honor for your courtesies and attention to this matter.

Respectfully submitted,

/s/ George P. Barbatsuly

George P. Barbatsuly

cc: Dr. Yolande Saab (via ECF)

---

[1] Additionally, it is anticipated that, upon proper service of process, some or all of the Defendants will file a pre-answer motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), based, <u>inter alia</u>, on the fact that Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 <u>et seq.</u>, does not apply to conduct outside of the United States; or alternatively, pursuant to the doctrine of <u>forum non conveniens</u>, based on the forum selection clause in the contract governing Plaintiff's appointment as a tenured professor at LAU, providing for exclusive jurisdiction in the courts in Beirut, Lebanon. The Court would therefore benefit from reviewing Defendants' arguments for dismissal prior to ruling upon Plaintiff's motion for a preliminary injunction.