UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Yolande Saab,

                Plaintiff,

      -against-

Lebanese American University, Michel Mawad, George Nasr, and Nour Hajjar,

                Defendants.

25-cv-692 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

This is a case about an academic who was fired in Lebanon after being hired to work in Lebanon pursuant to a contract that was executed in Lebanon with a forum-selection clause that picked Beirut, Lebanon. The Court GRANTS defendants' motions to dismiss based on the forum-selection clause.

## LEGAL STANDARDS

A defendant may move under Rule 12(b)(3) to dismiss for improper venue based on a forum-selection clause. *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 478 (2d Cir. 2011). The standard of review is the same as for a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 520 (S.D.N.Y. 2024). "[I]n evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits." *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014). The Court may "resolve disputed factual questions in favor of the defendant" only if it "conduct[s] an evidentiary hearing." *Id.* at 216–17. The plaintiff initially bears the burden of proving that venue is proper once an objection is raised. *Forstl v. Morgan Creek Capital Mgmt., LLC*, 2025 WL 2781348, at *8 (S.D.N.Y. Sept. 30, 2025).

As a general matter, *pro se* complaints "are to be construed liberally." *Fulton v. Goord*, 591 F.3d 37, 42 n.1 (2d Cir. 2009). The Court interprets them to "raise the strongest arguments that they suggest." *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).

## DISCUSSION

Until June 3, 2024, Yolande Saab was a tenured professor at the Lebanese American University in Beirut. Dkt. 1 ¶ 1. She was hired pursuant to a "Memorandum of Appointment," which is an employment contract signed by all parties. Dkt. 35-1. That contract states the "all the rights and obligations arising out of this appointment shall be subject exclusively to the jurisdiction of the Courts of Beirut, Lebanon." *Id.* at 3. She was fired in Lebanon, Dkt. 1 at 12, and now, proceeding *pro se*, has sued the former president of the university, the provost, the legal counsel, and the

university itself in the United States District for the Southern District of New York. The defendants have all moved to dismiss. The individual defendants have moved on the basis of lack of personal jurisdiction, the forum-selection clause, and failure to state a claim. The university defendant has moved only on the forum-selection clause and failure to state a claim. The Court GRANTS both motions to dismiss on the basis of the forum-selection clause.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). This is governed by a four-part test. First the Court must determine whether the clause is presumptively enforceable. That turns on: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive"; and (3) whether "the claims and parties involved in the suit are subject to the forum selection clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). If the answers to all three questions is "yes," then the clause is "presumptively enforceable." *Id.* The remaining question is only (4) whether the resisting party made a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* (quotation marks omitted). In analyzing that last question, the Court must keep in mind that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63 (quotation marks omitted).

*First and second*, there's no dispute that the clause was reasonably communicated or that it's mandatory. It was in the body text of the employment contract that Saab signed, which is a short two-page document with only ten provisions. Dkt. 35-1 at 3; *see also Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 444 (S.D.N.Y. 2022) ("A forum selection clause may be deemed reasonably communicated where the clause at issue appears as a standard section in the main body of an agreement signed by the parties and is phrased in both clear and unambiguous language." (cleaned up)). The clause is also unambiguously mandatory. It specifies that disputes "shall be subject exclusively" to Lebanese jurisdiction. Dkt. 35-1 at 3. "It is undisputed that the word 'shall' imposes a mandatory command." *Bufkin v. Collins*, 604 U.S. 369, 379 (2025) (citation omitted).

*Third*, the parties and claims are subject to the forum-selection clause. Saab offers three arguments against this, but all fail. To begin, she argues that the clause was waived because defendants breached the agreement by changing her payment and the currency it was delivered in. But the agreement explicitly says that "basic salary and fringe benefits indicated herein are subject to upward or downward adjustment," and makes no clear guarantee of the denomination of payment. Dkt. 35-1 at 3. But putting that aside, breaching a contract cannot mean that a forum-selection clause is waived. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 2016 WL 1216583, at *2 (S.D.N.Y. March 25, 2016) ("While one party's denial of its contractual obligations to another relieves its obligation to perform, that action does not work a repudiation of the forum-selection clause unless it is specifically directed at the clause itself." (cleaned up)).

Next, Saab unconvincingly suggests that the agreement was superseded by later agreements. Saab points to two different documents that she claims govern her employment instead. The first

is a letter generated by the university's HR department "to certify that Dr. Yolande Saab is currently employed by the Lebanese American University." Dkt. 26 at 27. It confirms her salary and says little else. It in no way, shape, or form could be understood to modify her employment agreement. Saab follows up by pointing to the university's bylaws and its constitution. Both govern the general structure of the university and its leadership (trustees, etc.) and are totally silent on the employment conditions of professors, let alone forum-selection clauses. *Id.* at 28–48. These cannot be understood to modify Saab's employment agreement in any way.

Finally, Saab is incorrect that the scope of the clause doesn't cover her claims. Saab argues that it doesn't because her Title IX claim doesn't arise from "the agreement." Dkt. 38 at 16. If that's what the contract said, then she might have a good point—the Second Circuit has interpreted language applying to claims that "arise out of" a *contract* to apply only to the "rights and duties under that contract." *Phillips*, 494 F.3d at 391. But the contract applies to "all rights and obligations arising out of this *appointment*," not just the *agreement*. Dkt. 35-1 at 3 (emphasis added). Saab's claim is premised on the termination of her appointment, and so plainly falls within the forum-selection clause's language. For the same reason, the individual defendants who aren't signatories to the contract can enforce it because they are "closely related" to the signatories such that it would be "foreseeable that the non-signatory would seek to enforce" the clause. *SEC v. Hurgin*, 484 F. Supp. 3d 98, 116 (S.D.N.Y. 2020).

*Fourth*, enforcement wouldn't be unreasonable or unjust and there's no other reason that compels the enforcement the clause. Saab argues that it would be unreasonable and unjust because Lebanon doesn't have an analogous law to Title IX, and so its force would be undermined. But Saab hasn't alleged that any of the relevant conduct in this suit happened inside the United States and "Title IX does not apply extraterritorially." *Zonshayn v. Sackler Sch. of Med. (New York)*, 648 F. Supp. 3d 485, 496 (S.D.N.Y. 2023). Indeed, its text specifically says that "[n]o person *in the United States* shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal funding." 20 U.S.C. §1681 (emphasis added). The plain text of the statute contains the opposite of the "clear, affirmative indication that it applies extraterritorially" that's needed to overcome the "presumption against extraterritoriality." *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325, 337 (2016). It may be true that the university created a Title IX process for its Lebanese campus (and its U.S.-based head office may even be required to do so), but that doesn't expand the law's scope to apply to conduct that occurs outside of the country.

None of that is changed by the 2024 rule passed by the Department of Education that Saab asserts she relied on. Even if the agency's interpretation were relevant (which it isn't, *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)), the rule says the opposite of what Saab says it does. The discussion in that rule explicitly reads: "[T]he Department continues to maintain that 20 U.S.C. § 1681 does not have extraterritorial application based on its plain text and the judicial presumption against extraterritoriality." 89 Fed. Reg. 33474. And, though Saab argues that her job involved responsibilities that *were relevant* to the United States and that from time to time she

traveled to the United States for work, all the relevant acts implicated in the complaint happened in Lebanon, not here.

For the reasons above, the Court enforces the forum-selection clause., This dispute should be decided in a court in Beirut, not New York.

## CONCLUSION

Defendants' motions to dismiss are granted. The Clerk of Court is directed to terminate Dkts. 17 and 31 and to close this case.

SO ORDERED.

Dated: March 24, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge